Astgik SIMONYANTS; Armen Grigoryan; Zara Grigoryan; Gayane Grigoryan, Petitioners,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–71557.

United States Court of Appeals, Ninth Circuit.

Submitted May 5, 2005.**

Decided May 9, 2005.

R. Sheeno, Encino, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Attorney, Ann Carroll Varnon, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and WHALEY,*** District Judge.

### MEMORANDUM ****

Astgik Simonyants, her husband Armen Grigoryan, and their two minor children Zara Grigoryan and Gayane Grigoryan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of their application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

Petitioners challenge only the BIA's summary affirmance. Summary affirmance does not per se violate due process. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003). A summary affirmance does not violate due process as applied if the IJ's decision is sustainable on the merits. *Id.* at 853–55. We review the IJ's adverse credibility finding for substantial evidence and will uphold it unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding. Simonyants' testimony was inconsistent with her application and with documentation of a well-known political event in Armenia at which Simonyants claimed to have been arrested. The IJ provided specific, cogent reasons for the implausibility of petitioners' testi-mony involving the heart of petitioners' claim for asylum on political grounds. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standards for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 961 (9th Cir.1996) (en banc). Petitioners are not entitled to CAT relief because they did not demonstrate it is more likely than not they would be tortured if returned to Armenia. *See Malhi,* 336 F.3d at 993.

DENIED.

---

*** The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

